**Susan NUCIFORA, Plaintiff–Appellant,**

v.

**William GLASS, Joseph Rodriguez and Joyce Undella, James A. Connelly, Defendants,**

**Bridgeport Board of Education, Defendant–Appellee.**

**Docket No. 01–7955.**

United States Court of Appeals, Second Circuit.

June 13, 2002.

Marc Glenn, Martyn Philpot, Jr., LLC, New Haven, CT, for Appellant.

Lisa M. Grasso, Durant, Nichols, Houston, Hodgson & Cortese–Costa, PC, Bridgeport, CT, for Appellee.

Present McLAUGHLIN, JACOBS and LEVAL, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Susan Nucifora appeals from a judgment entered by the United States District Court for the District of Connecticut (Burns, J.), granting the summary judgment motion made by defendant Bridgeport Board of Education ("Board"). *See Nucifora v. Bridgeport Bd. of Educ.,* 188 F.Supp.2d 197 (D.Conn.2001).

On appeal, Nucifora challenges the dismissal of her claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* arguing that the district court improperly concluded that she failed to make out a *prima facie* case of discrimination under the ADA and that the court erred in deeming admitted facts set out in the defendant's Local Rule 9(c) Statement.

We affirm the dismissal of Nucifora's claim under the ADA for substantially the reasons stated by the district court: Nucifora has failed to make out a *prima facie* case of discrimination under the ADA be-

cause she has not shown that she was an individual with a "disability" within the meaning of the ADA. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 332 (2d Cir.2000). The ADA defines "disability" as "(a) a physical or mental impairment that substantially limits one or more of life's major activities; (b) a record of such impairment; or (c) being regarding as having such an impairment." 42 U.S.C. § 12102(2). Nucifora's alleged disability is alcoholism, but she has not established that her alcoholism substantially limited one or more major life activities.

Nor has Nucifora shown a record of alcoholism. To establish a prima facie case of discrimination based on a "record of disability" under the ADA, Nucifora must still demonstrate that the alcoholism substantially limits one or more major life activities, which she has not done. *See Colwell v. Suffolk County Police Dept.*, 158 F.3d 635, 645 (2d Cir.1998) ("The record must be one that shows an impairment that satisfies the ADA; a record reflecting a plaintiff's classification as disabled for other purposes or under other standards is not enough.").

Finally, Nucifora has failed to establish that the Board regarded her as having an impairment. The evidence shows that the Board was unaware of Nucifora's alcoholism until after it notified Nucifora of her pending termination.

Our conclusion that Nucifora failed to establish a *prima facie* case of discrimination is supported by the uncontroverted evidence; we have not relied on facts set forth in defendant's Local Rule 9(c)(1) Statement that were referenced as disputed in Nucifora's Rule 9(c)(2) Statement, unless Nucifora's own evidence explicitly established such facts. We therefore need not address whether Nucifora sufficiently complied with Local Rule 9(c)(2).

Even if Nucifora is credited with having satisfied the standard for a *prima facie* case, her appeal still cannot succeed because she has failed to provide evidence capable of supporting a reasonable finding that she was fired because of her disability. *Fisher v. Vassar*, 114 F.3d 1332, 1337 (2d Cir.1997) (in banc), *cert. denied*, 522 U.S. 1075, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). The evidence overwhelmingly established that she was fired because of her absenteeism and incompetence. A jury could not reasonably find otherwise.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.